```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

ROBERT F. CHERRY, JR., et al.    *

          Plaintiffs             *

             vs.                 *   CIVIL ACTION NO. MJG-10-1447

MAYOR AND CITY COUNCIL OF        *
BALTIMORE CITY, et al.
                                 *
          Defendants
 *      *      *      *      *      *      *      *      *
```

## MEMORANDUM AND ORDER RE: MOTION TO DISMISS COUNT II

The Court has before it the Defendant Mayor & City Council of Baltimore's Motion to Dismiss Count II of the Amended Complaint [Document 175], and the materials submitted relating thereto.  The Court has held a hearing and has had the benefit of the arguments of counsel.

In Count I of the Amended Complaint, Plaintiffs assert a claim that, through enactment of Ordinance 10-306, the City violated their rights under the Contract Clause of the Federal Constitution (the "Contract Clause Claim").  In Count II of the Amended Complaint, Plaintiffs assert a claim that through enactment of Ordinance 10-306 ("the Ordinance"), the City took property of Plaintiffs without just compensation and violated their due process rights under the "takings" clause of the Fourteenth Amendment of the Federal Constitution (the "Takings Claim").  The Amended Complaint also presents state law claims

not pertinent to the instant matter.

By agreement of all parties the Court proceeded through trial and resolution of the Contact Clause Claim in Count I. Plaintiffs prevailed in that the Court found the elimination of the Variable Benefit feature by the Ordinance unconstitutional and have been determined to be entitled to relief.  The question presented is whether the Takings Claim in Count II should be dismissed as moot.

As stated on the record of proceedings held on November 19, 2012, any relief that Plaintiffs could obtain on Count II (Takings Claim) would be duplicative of the relief already obtained on Count I (Contract Clause Claim), with the exception of a possible award of legal fees if Count II is determined to present a claim pursuant to 42 U.S.C. § 1983.[1]

42 U.S.C. § 1988(b) provides that in "any action or proceeding to enforce a provision" of § 1983, "the court, <u>in its discretion</u>, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  (emphasis added).  The grant or denial of a motion for attorneys' fees under § 1988(b) is generally reviewed for an abuse of discretion.  See <u>Kebe ex rel. K.J. v. Brown</u>, 91 F. App'x 823, 828 (4th Cir. 2004); <u>Johnson v. City of Aiken</u>, 278

---

[1] The Amended Complaint does not explicitly assert Count II as a 42 U.S.C. § 1983 claim.

F.3d 333, 336 (4th Cir. 2002).  A party "prevails" within the meaning of § 1988(b) "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  Lefemine v. Wideman, 133 S. Ct. 9, 11 (2012) (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)).  An award of attorneys' fees to a prevailing party may be denied where "special circumstances would render such an award unjust."  See Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (internal quotations omitted).

The Court will assume, without ruling on the matter, that Plaintiffs would be held to be "prevailing parties" for § 1988(b) purposes if they succeeded on the Takings Claim even though Plaintiffs would obtain no greater relief than already awarded on their Contract Clause Claim.

Of course, the Takings Claim is based upon the same enactment as the Contract Clause Claim.  However, in view of the multitude of additional issues presented in regard to the Takings Claim which may require the presentation of further evidence, substantial proceedings would be required to resolve the claim.  Moreover, it is highly likely that a decision by this Court for Plaintiffs on the Takings Claim would have no substantive effect.

If this Court is affirmed in regard to the Contract Clause

Claim, Plaintiffs would obtain no more by virtue of the Takings Claim. If this Court were to be reversed on its decision regarding in the Contract Clause Claim, it appears virtually certain that such a reversal would be fatal to the Takings Claim because the appellate court would be holding that the City did not unconstitutionally impair Plaintiffs' contract rights by enacting the Ordinance. In such a circumstance, it is difficult, perhaps impossible, to imagine a viable basis upon which the Ordinance could nevertheless be viewed as having taken Constitutionally cognizable property rights of Plaintiffs.

The Court finds that the circumstances of the instant case would render an award of legal fees to Plaintiffs for proceeding on the Takings Claim unjust. Indeed, to proceed on the Taking Claim the Court would require both sides to engage in substantial additional proceedings and incur substantial additional legal fees for the purpose of determining essentially whether Plaintiffs could be entitled to recover their fees from the City for those additional proceedings.

In sum, the Court can now state definitively that, in the circumstances now presented[2], Plaintiffs will not recover a legal fee award on their Takings Claim. Therefore, in the particular context of the instant case, the Court cannot afford Plaintiffs

---

[2] The Court does not, however, foreclose the possibility of a legal fee award in the event that appellate review resulted in a remand of the case for proceedings on the Takings Claim.

effective relief on their Takings Claim.  See generally Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc., 841 F.2d 92, 95 (4th Cir. 1988) (explaining "a court should not render an opinion in a dispute if the court is without the power to afford effective relief").  Accordingly, Count II shall be dismissed as moot.

    For the foregoing reasons:

        1.    Defendant Mayor & City Council of Baltimore's Motion to Dismiss Count II of the Amended Complaint [Document 175] is GRANTED.

        2.    COUNT II of the First Amended and Restated Class Action Complaint for Declaratory, Injunctive, and Monetary Relief [Document 5] is hereby DISMISSED as moot.

    SO ORDERED, this Friday, November 30, 2012.

                                               /s/
                                    Marvin J. Garbis
                          United States District Judge