```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

ROBERT F. CHERRY, JR., et al.    *

          Plaintiffs             *

            vs.                  *    CIVIL ACTION NO. MJG-10-1447

MAYOR AND CITY COUNCIL OF        *
BALTIMORE CITY, et al.
                                 *
          Defendants
*     *     *     *     *     *     *     *     *
```

MEMORANDUM AND ORDER RE: AMENDED COMPLAINT

The Court has before it Plaintiffs' Motion for Leave to File Second Amended Complaint [ECF No. 215], Defendant Mayor and City Council of Baltimore City's ["the City's"] Motion to Abstain [ECF No. 225] and the materials submitted relating thereto.  The Court has held a hearing and had the benefit of the arguments of counsel.

I.  SUMMARY BACKGROUND[1]

In 1962, Baltimore City enacted the Fire and Police Employees' Retirement System of the City of Baltimore (the "Plan"), which provides defined benefits to its members and beneficiaries.  In 2010, the City enacted Ordinance 10-306, that unilaterally modified the provisions of the Plan in several

---

[1] For further background, see Cherry v. Mayor and City Council of Baltimore City, 762 F.3d 366 (4th Cir. 2014) ("the Appellate Decision") and this Court's decisions [ECF Nos. 68, 115, 167].

respects, effective July 1, 2010.  Plaintiffs filed the First Amended and Restated Class Action Complaint for Declaratory, Injunctive, and Monetary Relief [ECF No. 5] (the "Amended Complaint") asserting[2] state-law contract claims and federal claims under the Contract and Takings clauses of the United States Constitution.

The Court held that the City had violated Constitutional rights of certain union members[3] in violation of the Contract Clause.  By agreement of the parties, the Court dismissed the Takings Clause claim as moot, dismissed the state-law contract claims without prejudice, and entered a final judgment subject to appeal. On appeal, the United States Court of Appeals for the Fourth Circuit held that the Contract Clause rights had not been impaired because the Plaintiffs retained a state-law remedy for breach of contract and that the Takings Clause Claim was no longer moot.  Cherry, 762 F.3d at 373-74.  The Court remanded the case for further proceedings.  Id. at 374.  As to further proceedings, the appellate court stated:

> The plaintiffs may attempt to refile in
> the district court their state law claims
> that were dismissed without prejudice, or
> they may initiate proceedings in state court
> alleging breach of contract under Maryland
> law. If the plaintiffs choose to pursue
> either of these two courses of action, the

---

[2] Among other claims.
[3] I.e., those who were retired or eligible for retirement on the date the Ordinance was enacted.

>    district court may wish to hold any
>    proceedings regarding the Takings Clause
>    claim in abeyance pending the resolution of
>    related contractual issues.

Id. at 374, n.6.

Plaintiffs seek to refile the state-law contract claims in federal court in the proffered Second Amended Complaint ("SAC"). Defendants seek to have the Court deny the motion or, alternatively, to abstain from deciding the state-law contract claims.

II. DISCUSSION

Plaintiffs may file the proffered SAC only with the City's consent or leave of Court. Fed. R. Civ. P. 15(a)(2). The City does not consent. However, "the court should freely give leave when justice so requires." Id.

The City contends that amendment would be futile and that, in any event, the Court should exercise its discretion to deny the amendment.

A. Futility

The City asserts that amendment would be futile because the Court would lack jurisdiction over the state-law claims asserted therein due to the absence of any pending federal claim. According to the City, the Takings Clause claim will not be ripe

3

until after the state-law claims are resolved and may be rendered moot by the resolution of the state-law claims.

The City's position appears to be worthy of reasonable debate. If Plaintiffs prevail on the state-law claims – as would be the case if they had prevailed on the Contract Clause claims – it appears that they would obtain the relief they seek on their federal claims. The City contends that should Plaintiffs not prevail on their state-law contract claims, they would not have any rights that were subject to unconstitutional taking. However, it may be possible for Plaintiffs to have a valid Contract Clause claim if the basis for denial of their state-law claims did not pass Constitutional muster.

Moreover, the appellate court referred to the deferral (rather than dismissal) of the Takings Clause claim. This, albeit dictum, indicates a belief that the Takings Clause was not moot and remained pending.

Accordingly, the Court will not deny the requested amendment on the ground of futility.

### B. Exercise of Discretion

Supplemental jurisdiction is provided by 28 U.S.C. § 1367 that provides, in pertinent part:

> (a) Except as provided in [subsection (c)].
> . . in any civil action of which the
> district courts have original jurisdiction,

4

>  the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.
>
>  . . . .
>
>  (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
>  (1)  the claim raises a novel or complex issue of State law [or]
>
>  (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction. . . . .[4]

The Court finds that the proffered state-law claims present novel and complex issues of State law. The state-law questions are by no means simple and straightforward. Indeed, it is likely, even if the state-law claims were to proceed in federal court, there would be a request by one side, or both sides, to have the district court or the Fourth Circuit certify state-law questions to the Maryland Court of Appeals due to the absence of clear authority governing the issues.

Further, the state-law claims substantially predominate over the federal claims over which the district court has original jurisdiction. Both the Contract Clause and Takings

---

[4] The Court finds it unnecessary to consider 28 U.S.C. § 1367(c)(4) referring to "exceptional circumstances" creating other compelling reasons to decline jurisdiction.

Clause claims will be affected, possibly controlled, by the ultimate determination of the state-law claims.  Indeed, the parties agree, and the Fourth Circuit appears to suggest, that consideration of the Takings Clause claim be deferred until after resolution of the state-law claims.

"A federal court should consider and weigh . . . the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).

The Court has done so.  In so doing, the Court is fully appreciative of the Plaintiffs' interest in avoiding unnecessary delay in obtaining final resolution of the dispute at issue.  Of course, there could be a degree of efficiency resulting from having the state-law claims proceed in federal court in view of the undersigned Judge's having presided over the case to date.  However, the City has agreed that the entire record of proceedings herein can be deemed "on the record" in a state court presenting the state-law claims, reducing – if not virtually eliminating – the need for duplicative proceedings regarding factual issues.  Moreover, it appears that there will be little, if any, efficiency in having the state-law legal

6

issues reargued to the federal trial court[5] rather than argued to a state trial court.  Nor does there appear to be any gain in efficiency in having appellate proceedings in the United States Court of Appeals for the Fourth Circuit.  Indeed, there appears to be a probability that the Fourth Circuit would be inclined to certify controlling state-law issues to the Maryland Court of Appeals.

Finally, the Court finds most important the immense local (state and city) significance of the issues presented.  In particular, the resolution of the conflict between the contract rights asserted by Baltimore City fire and police safety personnel and the City's asserted financial concerns allegedly justifying the abridgement of those rights.

Accordingly, the Court shall exercise its discretion to decline to accept supplemental jurisdiction of the state-law claims.  The Court will, however, retain jurisdiction of the federal claims,[6] but shall stay proceedings thereon pending the resolution of the related state-law claims.

---

[5] This Court has rendered opinions, in its Contract Clause claim decisions, on issues that are presented by the state-law contract claims; some agreeing with the Plaintiffs and some agreeing with the City. It appears likely that, even if this case were to proceed in federal court, each such opinion will be reargued, the losing party seeking reconsideration or contending that the changed context warrants a different decision.

[6] I.e., the Takings Clause and, to the extent still pending, the Contract Clause claims.

7

III.  CONCLUSION

For the foregoing reasons:

1. Plaintiffs' Motion for Leave to File Second Amended Complaint [ECF No. 215] is DENIED.

2. Defendant Mayor and City Council of Baltimore City's Motion to Abstain [ECF No. 225] is DENIED AS MOOT.

3. By separate Order, this case shall be stayed pending resolution of the state-law claims set forth in the proffered Second Amended Complaint.

SO ORDERED, on Friday, July 22, 2016.

/s/
Marvin J. Garbis
United States District Judge