IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ROBERT F. CHERRY, JR., et al.,** | * | |
| Plaintiffs | * | |
| v. | * | |
| | * | CIVIL NO. JKB-10-1447 |
| **MAYOR & CITY COUNCIL OF BALTIMORE et al.,** | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This lawsuit, filed in June 2010, involved a challenge to the City of Baltimore's revision of its pension plan for firefighters and police officers. (ECF No. 1.) The suit included a constitutional claim of impairment of contract rights, a constitutional claim of unlawful taking of property, and various state law claims including breach of contract. The Court granted judgment for Plaintiffs on the constitutional contract claim, found the "takings" claim moot, and dismissed various state law claims without prejudice to refile in state court. Judgment was entered on December 28, 2012 (ECF No. 191), and the case was closed.

On appeal to the Fourth Circuit, the judgment was vacated and remanded for further proceedings. The Circuit found no impairment of Plaintiffs' contract rights, but because the takings claim had not been ruled upon, the case was remanded for this Court to consider it. (Judgment, No. 13-1007, Aug. 6, 2014, ECF No. 212.) However, the Circuit also suggested deferring action upon the remaining constitutional claim until the state law claims had been resolved in state court in the event such resolution would also do away with the need for further federal proceedings.

Although proceedings occurred in this Court after remand, the case was not reopened. Even so, the Court issued an Order Staying and Administratively Closing Case Pending Related Proceedings on August 1, 2016. (Admin. Closing Order, ECF No. 230.) The "related proceedings" are evidently state court litigation on the state law claims earlier dismissed without prejudice by this Court. The Order indicated the case was administratively closed "for possible reopening pursuant to further Order of this Court upon the application (by December 31, 2018) of any party hereto based upon the resolution of the related proceedings or other good cause." (*Id.*)

So that this case may have the finality it deserves, the Court hereby ORDERS *nunc pro tunc* that this case is REOPENED as of the date August 6, 2014, when it was remanded by the Fourth Circuit to this Court for further proceedings. Further, the parties SHALL FILE a joint status report on or before January 30, 2019, addressing all unresolved issues and reporting on the status of the state court proceedings.

SO ORDERED.

DATED this 4 day of January, 2019.

BY THE COURT:

_____
James K. Bredar
Chief Judge

2